## 11472

## SPEIGHTS *ET AL.* v. COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF UNION

### (122 S. E., 401)

1. APPEAL AND ERROR—APPELLANT'S DUTY TO CALL JUDGE'S ATTENTION TO MISSTATED ISSUES.—Where presiding Judge misstates the issues, it is appellant's duty to call his attention to it at the trial.
2. APPEAL AND ERROR—APPELLANT NOT ENTITLED TO COMPLAIN THAT VERDICT WAS TOO FAVORABLE TO HIM.—It does not lie in appellant's mouth to complain that the verdict was more favorable to him than it might have been.

Before JOHNSON, J., Union, February, 1923. Affirmed.

Action by Julia May Speights and others against Commissioners of Public Works of the City of Union, S. C. Judgment for plaintiff and defendant appeals.

*Mr. J. G. Hughes,* for appellant, cites: *Court has power to grant new trial where there is no evidence:* 64 S. C., 569; 66 S. C., 75; 78 S. C., 458.

*Mr. Cornelius Otts,* for respondents, cites: *Exception too general:* 95 S. C., 385. *Some evidence to support verdict:* 101 S. C., 429; 95 S. C., 471; 94 S. C., 224; 97 S. C., 116.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The charge of his Honor, the presiding Judge, so clearly sets forth the issues in the case, that no attempt will be made to add to it or condense it. His Honor charged as follows:

"Mr. Foreman and gentlemen of the jury: I will now endeavor to state to you the issues in this case and the rules of law governing the same. If I state the issues incorrectly, the attorneys will call it to my attention, and, if I state the law incorrectly, the Supreme Court will take care of that.

Now the plaintiff in this case is Julia Mae Speights, as the executrix of the will of W. L. Speights, who at the times mentioned in the complaint was doing business as the Standard Iron Works of the City of Union on an implied contract, or, as it is frequently called in the law, on *quantum meruit,* for materials and labor furnished to the defendant on four different occasions during the years 1920 and 1921. There are in this complaint four causes of action. The material allegations are the same in all causes of action, except as to the amounts. As the first cause of action, the plaintiff says that on or about the 10th of July, 1920, the defendants employed the plaintiff's intestate, that is, W. L. Speights, who was then doing business as the Standard Iron Works, to make two rings, cast in two brass rings and a certain rod used in connection with a certain steam engine, and that the value of that work was reasonably worth the sum of $313.40. The second cause of action alleges that on or about July 27th W. L. Speights, doing business as the Standard Iron Works, was employed to make packing for a piston rod, and that the value of those services was reasonably worth $44.55. The third cause of action is that about October 7, 1920, the defendants employed Mr. Speights, doing business as the Standard Iron Works, to put up a certain engine and make certain additional repairs, and that the value of those services and materials was reasonably worth the sum of $763.19. The fourth cause of action charges that between April 20, 1921, and July 8, 1921, Mr. W. L. Speights, doing business as the Standard Iron Works, was employed by the defendant to send certain mechanics and workmen to Union to do certain work and make certain adjustments on a certain steam engine for the defendant, and that the value of those services and materials was reasonably worth the sum of $180-.70, making a total, as the Court calculates, of $1,301.84. In each of those four causes of action, the plaintiff says that demand has been made for payment upon the defend-

ants, but that the defendants have failed and refused to pay said accounts, and that there is now justly due and owing on each of said accounts the amounts I have already stated—$313.40 on the first, $44.55 on the second, $763.19 on the third, and $180.70 on the fourth.

"Now the defendant comes in and denies those material allegations of the complaint. It admits that Mr. Speights at the time mentioned in the complaint was doing business as the Standard Iron Works, and the defendant further admits that he is dead, and that his widow, I presume it is, Julia Mae Speights, is the executrix and has a right to bring this suit, and that the Commissioners of Public Works of the City of Union are a body corporate, operating the lighting system and waterworks of the Town of Union in said State, and were doing so at the times mentioned in the complaint; and also the defendant admits that demand was made for payment and admits that it refused to pay the same, but denies that it is indebted to the plaintiff in any amount whatsoever, and claims or alleges that the plaintiff and the defendant entered into an express special contract as follows: That about the month of June, 1920, Standard Iron Works mentioned in the complaint therein, and under which name the plaintiff's intestate formerly transacted business, after thorough investigation of a certain engine of the defendants, which said engine was constructed for the development of electric power and was not in running condition, contracted with the defendant to repair and put the said engine in proper running shape so that it would pull the full rated capacity of the generator connected with said engine; and that it was distinctly agreed that the said Standard Iron Warks was to be paid only for a finished and successful job and that the charge therefor would be not less than $400.00 and not more than $600.00; that said Standard Iron Works made several attempts through a number of its workmen to repair the engine according to its contract, but failed to carry out its contract

and so admitted; that said engine is of no value to the defendants as it now stands; and that the defendants owe the plaintiff nothing by reason of the failure of the Standard Iron Works to carry out its contract and properly repair the aforesaid engine.

"Now, as I stated, the plaintiff comes into Court and seeks to recover on an implied contract on what is frequently called *quantum meruit,* that is, the reasonable value of services performed for another at his instance or request, and the defendant denies that and sets up that there was a special contract between the parties, and that the machinery in question was to be put in proper running condition to its full capacity, at a price not less than $400.00 nor more than $600.00. Now I charge the jury that if you find that the services were rendered as alleged in the complaint, in order that there may be an obligation to pay for them—and when I say services, I mean materials furnished and services performed—that, in order that there may be an obligation to pay wages for them, there must have been either an express promise to pay or they must have been rendered under such circumstances as the law will imply a promise. In other words, if the jury finds that the plaintiff's intestate in this case rendered valuable services for the defendants' benefit without any agreement as to compensation, then she would be entitled to recover the reasonable value of such services, if the jury find that such services were rendered at the instance of the defendant or at the instance of some one authorized to act for the defendant. That, as the Court understands it, is all that is necessary for a person to prove to recover upon a *quantum meruit,* that he rendered services for another at the instance or request of that other. Then the presumption arises that that other would pay what those services were reasonably worth. Now the defendant denies that there was any implied contract, and says that the plaintiff's intestate, W. L. Speights, then doing business as the Standard Iron Works, then entered

into an express and specific contract as set out there in the answer and as I read to you.   Now the Court charges the jury that one who furnishes material and performs services under a contract fixing the compensation and making it conditional upon the accomplishment of a stated result is not entitled to any compensation whatever if he fails to comply with the conditions; that is, if he fails to perform the terms of the contract, unless his failure is caused by the unwarranted interference of the other party, in which event he is entitled to a reasonable value for his services and materials regardless of the contract price.   On the other hand, if he fulfills the condition, that is, if he fulfills and performs the terms of the contract, that is, if the jury find that there was an express contract, then he would be entitled, if the jury are satisfied that he is entitled to recover, not the reasonable value of his services, but only the contract price.

"In other words, gentlemen, in an endeavor to simplify it for you, it is this:   If there were an express contract between the parties, if the jury is satisfied of that by the greater weight of the evidence, why then no greater amount than that fixed by that express contract could be recovered. On the other hand, if there were an implied contract, if the jury finds that there was an implied contract in which the compensation was not fixed and the plaintiff performed the terms of that implied contract, then he would be entitled to recover the reasonable value of the materials and services furnished by him.   Now in that connection I charge you that the plaintiff, when he comes into Court, must prove his case by greater weight of the evidence or the preponderance of the testimony.   The burden is upon him to do that.   Now what does greater weight of the evidence mean—the preponderance of the testimony?   Just what those words imply—the greater weight of the truth, and you are the sole judges of that.   As I have charged several times before possibly in your hearing, that the

greater weight of the evidence does not mean that one side must put up more witnesses than the other, it means the greater weight of the truth as you, the jury, find it from the testimony adduced on the witness stand, and it is possible that the truth may lie in the mouth of one witnesss. In other words, one witness may carry conviction to the minds of a jury more than a dozen, but you are the sole judges of that. The Court cannot even intimate to you its own opinion about it or what your opinion about it should be. The Court is the judge of the law, and you are the judge of the facts. Is there anything else, gentlemen?"

"Nothing further."

"Concretely and to make it clear to you, gentlemen, I will say that the main issue, as I understand it, in the case is whether there was an implied contract or whether there was an express contract. The plaintiff says it was an implied contract, and the defendant says it is an express contract, and that is the main issue in the case, and that is for you.

"Now, gentlemen, you will take with you into the jury room this paper marked 'Summons for Relief,' there is a complaint on the inside, and this paper marked 'Answer.' You will write whatever verdict you find upon the back of this paper marked 'Summons for Relief,' and if you find a verdict for the plaintiff, you will write it out in words and not in figures, say 'We find for the plaintiff so many dollars.' If you find the defendant is entitled to a verdict at your hands, you will simply say, 'We find for the defendant.' In either instance, Mr. Foreman, you sign your name to the verdict as foreman. Take the record."

"The jury retired but subsequently at their own request returned to the courtroom and the following took place:

"The Foreman: Your Honor, we have struck a snag. Some members of the jury are under the impression that we have either got to decide if it was an express contract or an implied contract. If it was an express contract, we have got to decide in favor of the Commissioners. If an

implied contract, we have got to decide in favor of the Standard Iron Works. Some seem to think that it would be proper or to ask the question if it would be proper to render a verdict for less than the amount sued for, $1,301.13, I think. Would it hold to render a verdict for that amount, or would it be proper to render a verdict in case we find it was an implied contract for less than that amount or for that amount, or if we found it was an express contract, would it be right to render a verdict for nothing or for the $600.00 or for the $400.00 as the case might be?"

"The Court: Gentlemen, I cannot answer your questions specifically, I can only recharge the law to you. I will do that in this way: One who furnishes materials and performs services under a contract fixing the compensation and making it conditional upon the accomplishment of a stated result is not entitled to any compensation whatsoever if he fails to comply with the conditions—that is, with the terms of the contract. Now do you understand that charge? On the other hand, if he fulfills the conditions of the contract, if the jury finds that there was an express contract, he is entitled not to the reasonable value of the services but only to the contract price. Now, if the jury conclude that there was an implied contract between the parties, then, if the jury find that the plaintiff furnished materials and performed services for the defendant under an implied contract, then the jury would be warranted in finding a verdict for the reasonable value of those materials and services. You are not bound to find any specific amount. You are bound, if the jury conclude that services were performed by the plaintiff in this case for the defendant under an implied contract, you are bound to find a sum equal to the reasonable value of the services and materials. Now, is that clear to you, gentlemen?"

"The Foreman: It is to me."

"The Court: In other words, if there were an express

contract between the parties, the plaintiff in no event could recover more than the contract price, and to do that he would have to prove his contract by the greater weight of the evidence, and there would have to be proof that he performed the services required by the contract. If there were any conditions to the contract requiring the accomplishment of a stated result, then, he would have to prove that he met the conditions, that he complied with the terms of that specific, express contract before he would be entitled to recover anything on that, and then in no event could he exceed the contract price. On the other hand, if the jury find that there was an implied contract between the parties, then the amount to be fixed by the jury in the event that it should find that an implied contract did exist and that the services were performed, the jury would fix an amount equivalent to the reasonable value of the materials and services. You are not bound to find any specific amount unless it is proved and that it is a reasonable value for those materials and services. Does that cover the situation that was giving you trouble, gentlemen?"

"The Foreman: Yes, sir; as far as I know, it does."

If his Honor misstated the issues, it was the duty of the appellant to call the attention of the presiding Judge to it at the trial.

The exceptions are:

"(1) Because the verdict of the jury was contrary to the instructions given in the charge by the Court, and the presiding Judge erred in not setting the same aside and granting a new trial."

"(2) Because the verdict of the jury was not responsive to the pleadings in that, since the price of material and labor alleged by plaintiff was not questioned, the verdict should have been for the full amount demanded by plaintiff on *quantum meruit,* or in favor of defendants on failure of plaintiff's testator to carry out an express contract; and the

presiding Judge erred in not setting said verdict aside and in refusing to grant a new trial."

"(3) Because there was no evidence to sustain the verdict of the jury, and the presiding Judge erred in refusing the motion for a new trial and in refusing to set aside the said verdict."

These three exceptions raise one question, to wit: Was the verdict responsive to the issues?

It is true the defendant did not deny any specific item in any of the bills sued on, but the answers did deny that the amount sued for was due, and in the evidence attempted to show that the aggregate was unreasonable and excessive. It does not lie in the mouth of the appellant to complain that the verdict was more favorable to the appellant than it might have been.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.